```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**M.L. BERRY, ET AL.**                                              **APPELLANTS**


**VS.**                                          **APPEAL NO. 3:07-cv-534-WHB-LRA**
                                          **BANKRUPTCY CASE NO.95-03768-NPO**


**PHARMACIA CORP., ET AL.**                                          **APPELLEES**


## OPINION AND ORDER

This cause is before the Court on the Motion of Appellees Borg Warner, Inc., and Kuhlman Corporation ("Appellees") to Dismiss the appeal taken by Appellants M.L. Berry and Nell Berry (collectively "Appellants") of the July 11, 2007, Opinion and Order entered by United States Bankruptcy Judge Neil P. Olack.[1]  Appellants have not responded to the Motion.  The Court has considered the Motion, the dockets in the above referenced cases, as well as supporting and opposing authorities, and finds that the Motion is well taken and should be granted.


### I.  Factual Background and Procedural History

In 1995, Appellants filed a Petition for Bankruptcy in the United States Bankruptcy Court for the Southern District of Mississippi, where it was docketed as Case No. 95-03768.  On April

---

[1] Pharmacia Corporation, Pfizer, Inc., and Monsanto Company have joined this Motion.  See Docket No. 6.

30, 2007, Appellees filed an Amended Motion to Set Aside Order Approving Trustee's Application to Assume Attorney's Contingency Fee Employment Agreement and Authorization to Approve Settlement ("Amended Motion").  The Amended Motion was denied, and Final Judgment was entered, by the bankruptcy court on July 11, 2007. See Docket No. 6, Ex. A.  On July 20, 2007, Appellants filed a Notice of Appeal, appealing the July 11, 2007, decision of the bankruptcy judge.  The Notice of Appeal was forwarded to this Court by the bankruptcy court on September 11, 2007.  Although a Notice of Appeal was filed, Appellants did not file a designation of items to be included in the record on appeal or a statement of the issues presented, as required by Rule 8006 of the Federal Rules of Bankruptcy Procedure ("F.R.B.P.").  Likewise, Appellants did not file a brief in this Court as required by F.R.B.P. 8009.

On October 2, 2007, Appellees filed a Motion to Dismiss Bankruptcy Appeal ("Motion to Dismiss") based on Appellants' failure to abide by Rules 8006 and 8009.  Appellants did not respond to the subject Motion to Dismiss, and have not otherwise taken any action in this appeal.

**II.  Discussion**

Rule 8001 of the F.R.B.P. provides, in relevant part:

> An appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with

>   the clerk within the time allowed by Rule 8002.  An
>   appellant's failure to take any step other than timely
>   filing a notice of appeal does not affect the validity of
>   the appeal, but is ground only for such action as the
>   district court or bankruptcy appellate panel deems
>   appropriate, which may include dismissal of the appeal.

F.R.B.P 8001(a).  Interpreting this Rule, the United States Court of Appeals for the Fifth Circuit has held:

>   As the language of the rule makes clear, only the failure
>   to file a notice of appeal, which deprives the reviewing
>   court of jurisdiction, mandates dismissal.  In contrast,
>   the district court does not invariably dismiss for
>   breaches of other procedural rules, including Rule 8006.
>   See In re Tampa Chain Co., Inc., 835 F.2d 54, 55 (2d Cir.
>   1987) (per curiam) (citations omitted).  Rather, the
>   court must exercise discretion and consider what
>   sanctions are appropriate.

In re CPDC Inc., 221 F.3d 693, 698-99 (5th Cir. 2000).  In determining whether to dismiss a bankruptcy appeal because of a party's failure to abide by the F.R.B.P., the Court is instructed to consider whether the appellee has been prejudiced by the delay and whether the appellant has exhibited "obstinately dilatory conduct."  Id. at 699.

In the case *sub judice*, a review of the dockets of the bankruptcy court and this Court shows that while Appellants' Notice of Appeal was timely filed, they have not filed any of the documents required under F.R.B.P. 8006 and/or 8009, and have not sought any extensions of time in which to comply with these Rules. Thus, the record clearly establishes that Appellants have not taken any action in this appeal since July 20, 2007, the date on which their Notice of Appeal was filed.  The record also shows that

Appellants were notified of their failure to comply with Rule 8006 on August 21, 2007, see Mot. to Dismiss, Ex. C., and were again notified of their failure to comply with Rules 8006 and 8009 on October 2, 2007, the date on which the subject Motion to Dismiss was filed.  Again, Appellants took no action to remedy these deficiencies or to otherwise comply with the applicable Rules. Based on its review of the dockets in this case, the Court finds that Appellants have engaged in "obstinately dilatory conduct" with regard to subject appeal and, therefore, the appeal should be dismissed in accordance with F.R.B.P. 8001(a).

Additionally, the record shows that Appellees filed the subject Motion to Dismiss on October 2, 2007.  In accordance with the Federal Rules of Civil Procedure and the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi ("Local Rules"), Appellants' Response to the subject Motion was due on October 22, 2007. Based on Appellants' failure to respond to the subject Motion to Dismiss, the Court additionally finds that the Motion should be granted as unopposed in accordance with the Local Rules of this District. See Local Rule 7.2(C)(2) (providing: "If a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed.").

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Borg Warner Inc. and Kuhlman Corporation to Dismiss Bankruptcy Appeal [Docket No. 4], to which Pharmacia Corporation, Pfizer, Inc., and Monsanto Company have joined, [Docket No. 4] is hereby granted.  A Judgment dismissing this bankruptcy appeal shall be entered this day.

SO ORDERED this the 24th day of January, 2008.

                                              <u>s/ William H. Barbour, Jr.</u>
                                              UNITED STATES DISTRICT JUDGE